**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 14 2018

JAMES W. McCORMACK, CLERK
By:_____
                    **DEP CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

CATAR CLINIC OF HOT SPRINGS, LLC.,
STOCKTON MEDICAL GROUP, LTD. &
C.A.T.A.R., LTD.

                                        PLAINTIFFS/
                                        COUNTER-DEFENDANTS

VS.                    NO.  4:17-CV-520-DPM

THOMAS F. ROBINSON, M.D., TIFFANY
TERRY, ARKANSAS RECOVERY CLINIC,
ARC REHABILITATION CENTER, P.A.,
CSCB REHABILITATION MANAGEMENT
GROUP, LLC, ADDICTION RECOVERY
CARE OF LITTLE ROCK, ARC CLINIC
JILL COGBURN                                        DEFENDANTS

VS.

THOMAS F. ROBINSON, M.D., TIFFANY
TERRY,ARC REHABILITATION CENTER, P.A.,
CSCB REHABILITATION MANAGEMENT
GROUP, LLC.                                        COUNTER-PLAINTIFFS

CHASE STEPPIG                                        CROSS-CLAMINANT

VS.

CATAR CLINIC OF HOT SPRINGS, LLC
STOCKTON MEDICAL GROUP, LTD,
C.A.T.A.R., LTD., & MICHAEL CASILLAS        CROSS DEENDANTS

CHASE STEPPIG                                        RESPONDANT

1

## CROSS COMPLAINT

**Comes Now:** Cross-Claimant and Respondent, Chase Steppig, and for his Cross Complaint against Cross-Defendants, Catar Clinic of Hot Springs, LLC, Stockton Medical Group, LTD, C.A.T.A.R., LTD., & Michael Casillas states:

### JURISDICTION AND VENUE

1. Chase Steppig (hereinafter referred to as "Steppig") is an Texas citizen and a resident of Harris County, Texas.

2.      Thomas F. Robinson (hereinafter referred to as "Dr. Robinson"), who is licensed to practice medicine in the State of Arkansas, is an Arkansas citizen and a resident of Pulaski County, Arkansas.

3.      Tiffany Terry (hereinafter referred to as "Terry") is an Arkansas citizen and a resident of Garland County, Arkansas.

4.      Arc Rehabilitation Center, P.A. (hereinafter referred to as "ARC") is a professional association organized under the laws of the State of Arkansas with its principal place of business in Pulaski County, Arkansas.

5.      CSCB Rehabilitation Management Group, LLC (hereinafter referred to as "CSCB") is a limited liability company organized under the laws of the State of Arkansas and doing business in Pulaski County, Arkansas.

2

6.     Catar Clinic of Hot Springs, LLC (hereinafter referred to as "Catar") is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Garland County, Arkansas.

7.     Stockton Medical Group, Ltd (hereinafter referred to as "Stockton") is a corporation organized under the laws of the State of Arkansas with its principal place of business in Pulaski County, Arkansas.

8.     Michael Casillas (hereinafter referred to as "Casillas") is an Arkansas citizen and a resident of Benton County, Arkansas.

9.     Jill Cogburn (hereinafter referred to as "Cogburn") is an Arkansas citizen and a resident of Garland County, Arkansas.

10.    C.A.T.A.R., LTD., (hereinafter referred to as "CatarLTD") is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Garland County, Arkansas.

11.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

12.    This Court has personal jurisdiction over the Cross-Defendants since they operate businesses in the State of Arkansas and have already subjected themselves to the jurisdiction of the Court by the filing of a complaint herein.

13.    Venue is proper pursuant to 28 U.S.C. § 1391.

**Count I-Defamation (Steppig against Stockton, Catar, CatarLTD, & Casillas)**

14.     Stockton, Catar, CatarLTD, & Casillas, their agents, officers, and employees filed a complaint against Terry with the Social Work Licensing Board. A copy of the complaint is attached hereto as **Exhibit "A"** and made a part hereof as if set forth word for word.

15.     Stockton, Catar, CatarLTD, & Casillas their agents, officers, and employees contacted the Social Work Licensing Board a second time and provided more information about Terry and the pending litigation.    A copy of the supplemental response to the Social Work Licensing Board is attached hereto as **Exhibit "B"** and made apart hereof as if set forth word for word. A copy of the third response to the Social Work Licensing Board is attached hereto as **Exhibit "C"** and made apart hereof as if set word for word.

16.     The documents filed by Stockton, Catar, CatarLTD, & Casillas, their agents, officers, and employees with the Social Work Licensing Board contain false and defamatory statements relating to the business of Steppig and the intentions of Steppig in filing his complaint with the Social Work Licensing Board.

17.     Stockton, Catar, CatarLTD, & Casillas, their agents, officers, and employees knew or should have known that the documents contained false and defamatory statements about Steppig and his Employee Terry

4

18.     Stockton, Catar, CatarLTD, & Casillas, their agents, officers, and employees have made false and defamatory statements about Steppig to other individuals, including but not limited to, patients who know Terry and the Social Work Licensing Board.

19.     Stockton, Catar, CatarLTD, & Casillas their agents, officers, and employees knew or should have known that the defamatory statements about Steppig were false.

20.     Steppig has incurred actual damages as the direct result of the actions of Stockton, Catar, CatarLTD, & Casillas their agents, officers, and employees and should be compensated for such damages in the amount proven at trial.

21.     The actions of Stockton, Catar, CatarLTD, & Casillas their agents, officers, and employees were willful and wanton, and therefore, Steppig should be awarded punitive damages against Stockton and Catar, CatarLTD, & Casillas.

22.     Steppig should be awarded attorney fees and costs associated with this Count.

## COUNT II - VIOLATION OF 15 USC § 1125

### (STEPPIG AGAINST STOCKTON, CATAR, & CATARLTD)

23.     15 USC § 1125 creates a cause of action for the making of a false or misleading statement to harm a business.  This code provision states:

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A)

is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B)

in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

24.    Stockton, Catar, & CatarLTD, their agents, officers, and employees have made false and defamatory statements about CSCB and Steppig to individuals who seek substance abuse treatment.

25.    Stockton, Catar, & CatarLTD, their agents, officers, and employees knew or should have known that the statements were false and would damage the business of CSCB and Steppig.

26.    The statements made by Stockton, Catar, & CatarLTD, their agents, officers, and employees were made in commerce and has damaged the business in commerce of CSCB and Steppig.

27.    Steppig has incurred actual damages as the direct result of the actions of Stockton, Catar, & CatarLTD, their agents, officers, and employees and should be compensated for such damages in the amount proven at trial and should be awarded any statutory damages.

28.    The actions of Stockton, Catar, & CatarLTD, their agents, officers, and employees were willful and wanton, and therefore, Steppig should be awarded punitive damages against Stockton and Catar.

29.     Steppig should be awarded attorney fees and costs associated with this Count.

## COUNT III-INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (STEPPIG AGAINST STOCKTON, CATAR, & CATARLTD)

30.     ARC retained the services of Dr. Robinson who had developed a relationship with numerous patients and their families based upon his years of dedication to the medical field.

31.     CSCB has a business relationship with ARC and any damage to the business of ARC is also damaging to the business of CSCB which is owned by Steppig.

32.     Stockton, Catar, & CatarLTD, their agents, officers, and employees are aware of the business relationship between CSCB and ARC and that any damage to the business of ARC would be damaging to the business of CSCB and Steppig.

33.     Stockton, Catar, & CatarLTD, their agents, officers, and employees have participated in an endeavor to strip Dr. Robinson of all the goodwill he has acquired over the years with his patients and their families.

34.     Stockton, Catar, & CatarLTD, their agents, officers, and employees have made false and misleading statements about Dr. Robinson and about ARC for the purpose of damaging the business of ARC and causing damage to the business of CSCB which, Steppig has a primary ownership in.

35.     Steppig has incurred actual damages as the direct result of the actions of Stockton, Catar, & CatarLTD, their agents, officers, and employees and should be compensated for such damages in the amount proven at trial.

36.     The actions of Stockton, Catar, CatarLTD, & Casillas their agents, officers, and employees were willful and wanton, and therefore, Steppig should be awarded punitive damages against Stockton and Catar.

37.     Steppig should be awarded attorney fees and costs associated with this Count.

38.     Chase Steppig requests a jury trial on the issues set forth in the cross complaint.

WHEREFORE, Cross-Claimant/ Respondent, Chase Steppig, respectfully request that they be awarded damages against the Cross Defendants, Catar Clinic of Hot Springs, LLC., C.A.T.A.R LTD., Stockton Medical Group, LTD, and Michael Casillas together with all other just and proper relief.

RESPECTFULLY SUBMITTED,

BY:

Chase Steppig, pro se
1115 West 26th Street
Houston, TX 77008
713-429-5208 (Phone)
832-412-2249 (fax)
Chase.steppig@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on this _14_ th day of February, 2018, I hereby certify that a true and correct copy of the above foregoing document was delivered via U.S. Mail and email to:

Richard Worsham
Worsham Law Firm, P.A.
320 Executive Court, Suite 306
Little Rock, AR 72205
Richard.worsham@worshamlawfirm.com

Mr. James Rankin
PPGMR Law, P.A.
PO Box 251618
Little Rock, AR 72225-1618
jim@ppgmrlaw.com

Luther Oneal Sutter
Sutter & Gilliam, PLLC.
P.O. Box 2012
Benton, AR 72018
Luther.sutterlaw@gmail.com

Dr. Thomas Robinson
9 Cascade Creek
Little Rock, AR 72223
tfrobinson@sbcglobal.net

Chase Steppig

8

2018-08

RECEIVED

AUG 3 1 2017

**Ruthie Bain**
Executive Director



**STATE OF ARKANSAS**
# SOCIAL WORK LICENSING BOARD

Mailing Address:          Street Address:
PO Box 251965             2020 West Third, Suite 518
Little Rock, AR 72225     Little Rock, AR 72205

Phone 501-372-5071
Fax 501-372-6301
Email: swlb@arkansas.gov
Website: arkansas.gov/swlb

**Asa Hutchinson**
Governor

## COMPLAINT FORM

Name of the Complainant: _Michael Casillas, LCSW_

Address: _8 W Colt Square Drive, Fayetteville, AR 72703_

Telephone Number(s): _(479) 282-2992_

Social Worker Alleged in Complaint: _Tiffany Paige Perry, PLMSW_   [handwritten: Terry]

License Number (if known): _N/A  (PLMSW status)_

Nature of the Complaint: Please briefly describe the nature of the complaint and attach any available documentation that substantiates the complaint. If additional space is needed, use the back of this form.

Ms. Terry is one defendant in an active lawsuit with our agency, due to repeated HIPAA/CFR42 violations. She resigned from our company in June of this year and since then, we have received multiple patient questions about how their information was received by Addiction Recovery Care "ARC"- which is where Tiffany currently works as the clinic manager. We have testimonies from patients that text messages and phone calls by a "Tiffany" or "Nikki" were placed to the patients for solicitation away from our program and into theirs. We have multiple patients that have agreed to testify in the case that is set to begin on Thursday August 31st. ARC has claimed that their info. was provided by another patient through their $25 patient referral program, but we yet to find one instance where the patient can make a connection with an associate in ARC's program, with one patient stating she has never been to Hot Springs, nor met Dr. Robinson before, nor knows anyone in substance abuse treatment. Aside from stealing patient information and using it for personal and financial gain at the cost of the patients right to confidentiality, we also have accounts from our staff that she suggested to them that they all look for another job and that our clinic would be closing down, which is completely unfounded and false. In the weeks of gathering information we have a solid case to prove conspiracy, manipulation, fraud and theft of patient data for solicitation. Ms. Terry is married and also goes by the name Tiffany Anderson-Keck.

For the Board to take action, the conduct complained of must violate the Social Work Licensing Act or the Social Work Licensing Regulations. Please state the specific Law(s) or Regulation(s) you allege the social worker violated. The Laws and Regulation may be found at www.arkansas.gov/swlb. Definition of Unprofessional Conduct: (17-103-203) B). Negligence in the practice of social work or practicing fraudulently or incompetently G). Intentionally or recklessly causing physical or emotional harm to any client H). Failing to maintain confidentiality, except as otherwise required or permitted by law, of all information that has been received from a client in confidence during the course of treatment and all information about the client which is obtained from tests or other means L). Violating the Code of Ethics adopted by the Board

Please list name and address of any witness(s) who can verify complaint.  (Provide the witness form to the witness(s) for completion.  The witness form must be filed with the Board within 20 days from the date that the complaint is filed.)

Michael Casillas, LCSW          8 W Colt Square Drive, Fayetteville, AR 72703

Signature of Complainant: _Michael Casillas, LCSW_          Date: _08/21/2017_

EXHIBIT

A

appropriate filing and is subject to the Freedom of Information Act. A copy of this complaint will be mailed to the party complained against. The party complained against must submit a written response within twenty days. All parties will be notified of action taken after the investigation is completed. (Filing of this complaint constitutes a waiver of the privilege of confidentiality.)



EXHIBIT

A

**RECEIVED**

SEP 0 7 2017

**Ruthie Bain**

| | |
|---|---|
| **From:** | Michael Casillas <admin@stocktonmedgroup.org> |
| **Sent:** | Sunday, September 03, 2017 9:44 AM |
| **To:** | Social Work Licensing Board |
| **Cc:** | Jim Rankin; Julie Greathouse; Micah Goodwin; Lyle Foster; Dad |
| **Subject:** | Supplemental Information for Complaint against Tiffany Paige Terry, PLMSW |
| **Attachments:** | PastedGraphic-1.tiff |

Distinguished members of the board,

I'm writing in reference to the compliant that I submitted on the 28th of August for Tiffany Paige Terry, PLMSW. In the time since I've submitted the Social Work Board Complaint Form- We (Stockton Medical Group / "the Plaintiffs") filed for a Preliminary Injunction (essentially a temporary restraining order) against Ms. Terry, Dr. Thomas Robinson, & ARC Rehabilitation Center (her new agency of employment where she serves as manager). Judge Marshall of the Eastern District of Arkansas Federal Court has allowed our case against HIPAA/CFR42 Part 2 data theft to proceed to trial within Federal Jurisdiction. Although we were not granted a Preliminary Injunction, the judge did made an order to the defendants to cease further activity of destroying records of their $25 referral bonus program, rewarded to their current patients by referring someone to contact without the referred persons consent.

While I'm confident I can prove wrongdoing and conspiracy to harm - I'm now aware that the 13 patient documented testimonies I provided can appear as hearsay in the eyes of the court or any board evaluating the situation from a distance.

It is true that I served as Ms. Terry's previous clinical supervisor and we are now in a situation where 2 ex employees now work at a direct competitors agency. It is also true that without the depositions and subpoenas which will come in the future, I can see how this situation could appear as a personal vendetta based in business competition.

I want to be as transparent and objective as possible and I have absolutely no doubt that when the trial occurs in about a year we will provide enough evidence to show that ARC and Tiffany Terry engaged in unethical practices, including but not limited to- sending text message outreaches to patients of Stockton Medical Group, (who deny releasing their knowledge of anyone including their spouses) and destroying any and all evidence of their $25 referral program as part of their policy and procedures. We did not subpoena our patients to court this last week, in order to be as sensitive to the needs of the population we serve. We asked if any would be willing to testify and one patient showed which had a dramatic impact for Judge Marshall.

I believe the facts will illuminate light on what are now cloudy circumstances. When the trial is concluded, the depositions and evidence gathered through Discovery and throughout the course of the trial will speak for itself. It is at that time when I feel it will be most appropriate for the board to most fairly evaluate their decision on the future tenure of a provisionally licensed master of social work.

I would like to conclude that the purpose of our litigation is not to keep Dr. Robinson from practicing medicine. It is not to have Ms. Terry terminated. It is not to close down ARCs opioid addiction treatment program & we are not seeking monetary damages at this time. The basis for our case is fair competition and the halting of inappropriate or unsanctioned solicitation of our clients who expect us to be the guardians of their patient information, which has the potential power to change the course of their lives in terms of their employment, career opportunities, relationships, marriages, etc. This process of reporting to the board has been a difficult one. I am bound to the Social Work Code of Ethics as a mandated reporter and whether it was Ms. Terry or the ownership of ARC (CSCB Management Group, LLC) from Houston, Texas- someone should be held accountable to our patients confusion, anger, grief and uncertainty which have all been reported to our staff, in our centers across the state of Arkansas.

1

**EXHIBIT**

B

I have confidence in the boards expertise to decide on how best to proceed, and I want your evaluation to be as objective and fair as possible. I'm going on the record by making an official statement, that if the written testimony presented from our patients is inconclusive or doubtful then withhold this complaint and revisit this matter when the litigation process uncovers clarity.

Thank you for your time and please feel free to call or contact me for any further clarification or questions in this matter. If I need to submit this statement in a written form and mailed to the board, I would happy to oblige before the deadline of Thursday, September 7th. Just let me know.

Sincerely,


Michael Casillas, LCSW
Director of Operations
admin@stocktonmedgroup.org
www.stocktonmedgroup.org



STOCKTON
M E D I C A L  G R O U P

In compliance with HIPAA (rule 104-91), this message is intended only for use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this electronic message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or it was forwarded to you without permission from Stockton Medical Group, Ltd., please FORWARD this email back to sender at the email address above, DELETE this email from all mailboxes/any other electronic storage medium and DESTROY all copies. Thank you.



EXHIBIT
B

Michael Casillas, LCSW

8 W Colt Square Drive
Fayetteville, AR 72703
479-313-0060
admin@stocktonmedgroup.org

November 2, 2017

Arkansas Social Work Licensing Board
care of Ruthie Bain
P.O. Box 251965
Little Rock, AR 72225

Dear Social Work Licensing Board,

I understand that a complaint has been filed against me and I appreciate the opportunity to respond. I have received a copy of the complaint and the 12 exhibits attached to it.

Before I respond to the individual complaints Chase Steppig has made about me, I would ask that you first consider his intentions. Mr. Steppig decided to start a business in Arkansas this year, which goes by many names (CSCB Rehabilitation Management, ARC Clinic, Addiction Recovery Care of Little Rock, Arkansas Recovery Clinic). I will refer to his business as "CSCB" even though it is difficult to keep up with the names. His company is a direct competitor with my employers (Stockton Medical Group and CATAR Clinic). Additionally, my employers are currently involved in a lawsuit against CSCB over improper patient solicitations and patient files that we believe were wrongfully taken from Stockton and CATAR. It is easy to see that Mr. Steppig stands to benefit, both financially and in the lawsuit, from tarnishing my name. I ask that you review his complaint with that information also in mind.

A large portion of Mr. Steppig's complaint centers on the litigation involving my employers and CSCB (*CATAR Clinic of Hot Springs, LLC & Stockton Medical Group, Ltd. v. Thomas F. Robinson, M.D., Tiffany Terry, Arkansas Recovery Clinic, ARC Rehabilitation Center, P.A., CSCB Rehabilitation Management Group, LLC, Addition Recovery Care of Little Rock, ARC Clinic, & Jane Doe #1*, Case Number 4:17-cv-520-DPM, Eastern District of Arkansas, Western Division). Rather than simply rely upon Mr. Steppig's cherry-picking of pleadings, I ask that the Board review the entire docket of the case thus far, which is a matter of public record.

In his complaint, Mr. Steppig gets into quite a bit of points that will be addressed in the litigation. Upon the advice of counsel, I am unable to discuss the specifics of that case in my response today. Those issues will be addressed by the federal court and the case has barely begun. To the extent the Board intends to review any of those issues, I ask that it



EXHIBIT
C

allow for me to fully respond to any accusation against me after the conclusion of the case. I also generally ask that the Board defer making any decision regarding my license until the case has concluded. I am not currently performing clinical social work and do not plan on doing so prior to the end of the case, so it seems to make the most sense for the Board to wait at this point in time. I will notify the Board should my plans change in this regard.

I can tell the Board what has transpired so far in the case. Stockton and CATAR Clinic are suing Mr. Steppig's company because several of our patients have reported to us that they received unwanted solicitations from CSCB to their personal cell phones. We've had numerous patients approach us in confusion, frustration, fear and sometimes in anger regarding unsolicited phone calls they had received from another local treatment center. Our patients were rightfully anxious and upset about how another treatment center had gotten their information when no consent was signed to release their medical information. Per all patient's reports, all of these calls were placed by a caller who identified herself as "Tiffany" or "Nikki". In the preliminary injunction hearing, Ms. Terry's attorney admitted to the court that she (Tiffany) was holding herself out both as Tiffany and Nikki while soliciting business for Mr. Steppig. Per our patient's report, Tiffany and/or Nikki stated knowledge of: their names, phone numbers, acknowledged that they were patients of our facility and sometimes even cited knowledge of their medication dosage, type of insurance, and in one instance who their primary counselor was.

No one could know any of this information without reviewing our patients' medical records. We learned that Tiffany Terry, our former office manager, had begun working for CSCB and that one of our physicians had apparently worked at our clinics and CSCB simultaneously without telling us. Additionally, Ms. Terry admitted that one of our former nurses gave a CATAR/Stockton patient list to CSCB without our consent and she used it to solicit patients.

Mr. Steppig's complaint seems to be retaliation for a complaint that I filed against Ms. Tiffany Terry, who is Mr. Steppig's employee. As the Board well knows, I am bound by the Code of Ethics to report known instances of a violation of the code by another social worker. I always have a duty & obligation to report any actions or observations which break the NASW Code of Ethics and/or present a danger or risk to the public. I reported unethical conduct of a social worker to the board when it was clear that a CFR42 Part 2 breach had been made. In addiction treatment programs, breaches can potentially break families, end relationships & careers, limit opportunities - all while someone is bravely working treatment. I believe that the Board can certainly understand why I felt a duty to report Ms. Terry. I believe she used information that was stolen from my employers to solicit patients who are addicted to opioids. This is a violation of patients' trust. I felt that if I did not report Ms. Terry's activities, then I myself would have violated the Code of Ethics by withholding information from the Board.



EXHIBIT

_C_

Of course we have discussed these issues with our patients. All assistance that we have received from our patients on this issue has been voluntary. I assure the Board that I, my employers, and their counsel are handling this sensitive matter ethically. We have obtained the consent of every patient we have talked to about this matter. I do not understand why Mr. Steppig claims that I or my employers are talking to our patients when they are in a diminished state of mind. He has never met these individuals and does not know them. He wants the Board believe that all of our patients are under the influence at all times simply because they are seeking treatment. If that is the way he truly feels, then he is in the wrong business.

It seems as though Mr. Steppig filed his complaint because my employers are discussing potential breaches of patient confidentiality with our patients, but he has no right to object to these discussions. He is a business competitor and has nothing to do with the discussions CATAR or Stockton have with their own patients. When I provided patients names to this board, it was privileged information that I submitted knowing that all PHI (Personal Health Information) would **not** be made part of public record and would be used solely for the purposes of the Board's investigation. Mr. Steppig's claim that I released PHI in an unethical or malicious way is absolutely false.

Mr. Steppig includes a heavily-redacted affidavit in his complaint from an individual who allegedly is upset about a text message being used in the litigation. I trust that the Board can see this for what it is. The signor cannot be identified. The notary also cannot be identified. The doctor who allegedly took the picture of this text message is not identified. There is no way to verify that this affidavit is real. Neither I nor my employers have been contacted by any individual who is upset about having a text message used in litigation and I have been assured by my employers that the text message at issue was voluntarily given to our staff. Should any individual who is a patient of mine or my employers, and not a direct business competitor, file a complaint with the Board then I will respond to it.

Mr. Steppig takes issue with my company Michael Casillas, LCSW, LLC. He does not dispute the fact that I am a licensed clinical social worker, just that my LLC is not licensed with the Board. I moved to Arkansas in 2013 to work within the CATAR/Stockton organization and pursue a side counseling practice which I incorporated into an LLC. My counseling practice lasted a few months and ended due to my promotion as Director of Operations of CATAR/Stockton Medical Group. I have since expanded our reach of treatment to Fayetteville, Jonesboro, and Texarkana in addition to North Little Rock and Hot Springs. I have not practiced under Michael Casillas LCSW LLC for a few years now and have not dissolved the corporation due to advice I received from our company's CPA.

If there was a technicality in failing to file for a corporate structure with the board, or in my disclosure process of PHI to the ASWB, then whatever actions the board feels




appropriate to take, I will understand. I do believe however that the board will see my intentions were clear and honest. I believe the facts speak for themselves.

I am happy to answer any and all questions in further detail and look forward to the decision of the board on this matter.


Respectfully Yours,


Michael Casillas, LCSW
Ark. Lic. #3491-C

**EXHIBIT**

C