IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CATAR CLINIC OF HOT SPRINGS,
LLC; STOCKTON MEDICAL
GROUP, LTD.; and C.A.T.A.R.,
LTD.
        PLAINTIFFS/
    COUNTER-DEFENDANTS

v.                  No. 4:17-cv-520-DPM

THOMAS F. ROBINSON, M.D.; TIFFANY
TERRY; ARKANSAS RECOVERY CLINIC;
ARC REHABILITATION CENTER, P.A.;
CSCB REHABILITATION MANAGEMENT
GROUP, LLC; ADDICTION RECOVERY
CARE OF LITTLE ROCK; ARC CLINIC;
and JILL COGBURN         DEFENDANTS

ARC REHABILITATION CENTER, P.A.;
THOMAS F. ROBINSON, M.D.; CSCB
REHABILITATION MANAGEMENT
GROUP, LLC; and TIFFANY TERRY     COUNTER-PLAINTIFFS

CHASE STEPPIG                             RESPONDENT

## ORDER

Catar* seeks $92,369.88 in attorney's fees and costs from Chase Steppig for pursuing the contempt citation and responding to Steppig's various filings in recent months. Catar is out of pocket that amount.

---

* The Court uses this shorthand for Catar Clinic of Hot Springs, LLC and Stockton Medical Group, Ltd., the two affected plaintiffs.

The Court has the inherent authority to make this kind of award against a party who has acted in bad faith. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991). Attorney's fees and expenses caused by Steppig, and actually incurred by Catar, set the outer boundary of any such award. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186-88 (2017). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

Steppig's actions involving the confidential patient information, which resulted in the contempt citation, were in bad faith. № 137 at 5-9. Catar also invokes Rule of Civil Procedure 11. It is inapposite. The parties haven't followed that Rule's procedures for pre-motion consultations and haven't really joined their disputes in the Rule's terms. So there is no Rule 11 basis for an award, especially one arising out of Steppig's recent filings. They were undoubtedly a pain in the neck for Catar. Litigation is rarely pleasant. And Steppig's *pro se* filings don't exceed what might be reasonably expected in response when one starts a case against a zealous, wily, and determined business competitor.

All material things considered, the Court awards $19,595 on the contempt-related issues. This total covers $13,750 in attorney's fees, $3,600 for paralegal time, and $2,245 for expenses. "The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Goodyear*, 137 S. Ct. at 1187. Here is the Court's thinking.

The Court has no doubt that Catar's lawyers spent every minute billed, probably more, on the matter. A blended hourly rate of $275 is reasonable given the issues and the cost of good lawyers in central Arkansas. The award represents fifty hours of work at that healthy rate. The contempt issues could have been well handled in that amount of lawyer time.

With the benefit of hindsight, it's clear there were some inefficiencies at the margins. The service tangle. The two hearings to get both Casillas and Steppig before the Court. The criminal charges were too much of a good thing, which ended up pulling the Court and counsel into needless evidentiary complexity.

The main reason for the discount is the Court's overall sense of this suit. *Goodyear*, 137 S. Ct. at 1187. Steppig did wrong. Catar responded, correctly, to right the circumstances. But it did so with many guns blazing to also advance its own interests in this case. That's the way our adversarial system works. Rough justice, though, is shifting to Steppig the cost of a lean response, the essentials, rather than the all-hands effort Catar actually made.

The Court commends the efficiencies Catar achieved by using a paralegal. $90 is a reasonably hourly rate. The Court trims the time from fifty-five to forty hours for the essentials-only reason already given.

Steppig hasn't made any specific critique of the request for out-of-pocket expenses. The transcript of the injunction hearing is the bulk here. The bill is not of record. The amount seems a bit high, but perhaps it had to be expedited. The transcript was essential. And the other expenses are reasonable. The Court therefore awards the total requested, rounded to the nearest dollar.

\* \* \*

Motion, № 140, granted as modified. The Court orders Chase Steppig to reimburse Catar Clinic of Hot Springs, LLC and Stockton Medical Group, Ltd., in the amount of $19,595 for attorney's fees, paralegal fees, and expenses incurred on the contempt-related issues.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

1 June 2018