IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CATAR CLINIC OF HOT SPRINGS,
LLC; STOCKTON MEDICAL
GROUP, LTD.; and C.A.T.A.R.,
LTD.
        PLAINTIFFS/
        COUNTER-DEFENDANTS

v.      No. 4:17-cv-520-DPM

THOMAS F. ROBINSON, M.D.; TIFFANY
TERRY; ARKANSAS RECOVERY CLINIC;
ARC REHABILITATION CENTER, P.A.;
CSCB REHABILITATION MANAGEMENT
GROUP, LLC; ADDICTION RECOVERY
CARE OF LITTLE ROCK; ARC CLINIC;
and JILL COGBURN      DEFENDANTS

ARC REHABILITATION CENTER, P.A.;
THOMAS F. ROBINSON, M.D.; CSCB
REHABILITATION MANAGEMENT
GROUP, LLC; and TIFFANY TERRY      COUNTER-PLAINTIFFS

CHASE STEPPIG      RESPONDENT

## ORDER

1.    The Clerk has received $12,500 from CSCB Rehabilitation Management Group, LLC for its half of the bond ordered in № 137 at 11-12. Receipt attached.

2.    At the 13 June 2018 hearing, the Court held CSCB in contempt for failing to post the bond by the extended deadline and

imposed a fine on CSCB of $500 per calendar day for each day that CSCB's bond obligation remained unsatisfied. *№ 205 at 2*. The bond obligation remained unsatisfied for seven days, which amounts to a $3,500 fine. Chase Steppig asks the Court to waive or reduce the fine. *№ 206 at 2*. Catar objects. *№ 207*. All material things considered, the Court reduces the fine to $2,000. After the June 13th hearing, CSCB (through Steppig) moved quickly and in good faith to post its half of the bond. The entity requested $12,500 from Steppig's trustee on June 14th; and, as best the Court can tell, CSCB mailed the check to the Clerk on the same day it received the funds. The reduction is only partial, however, for this reason: CSCB has not shown good cause for failing to get a loan from the trust, or secure the funds from some other source, before its bond obligation became overdue. As Catar points out, obtaining the money was simple and could have been done in April or May. CSCB must pay the $2,000 fine to the Clerk as soon as practicable, and no later than 20 July 2018.

**3.** Catar asks the Court to ignore and strike any future filings by Steppig or alternatively to hold Steppig to the standards in Federal Rule of Civil Procedure 11(b). The Court declines to make this kind of pre-emptive ruling. The last paragraph of Steppig's letter, *№ 206 at 3*, is stricken, though, as immaterial to the bond issues.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

5 July 2018

```
Court Name: EASTERN DISTRICT OF ARKANSAS
Division: 4
Receipt Number: LIT067618
Cashier ID: amadd
Transaction Date: 06/21/2018
Payer Name: CSCB REHAB MANAGEMENT GROUP

TREASURY REGISTRY
 For: CSCB REHAB MANAGEMENT GROUP
 Case/Party: D-ARE-4-17-CV-000520-001
 Amount:         $12,500.00

CHECK
 Check/Money Order Num: 1153
 Amt Tendered:   $12,500.00

Total Due:      $12,500.00
Total Tendered: $12,500.00
Change Amt:     $0.00
```

"Only when bank clears the check, money order, or verifies credit of funds is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check."