IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CATAR CLINIC OF HOT SPRINGS, LLC;
STOCKTON MEDICAL GROUP, LTD.;                                    PLAINTIFFS/
AND C.A.T.A.R., LTD.                                    COUNTER-DEFENDANTS

V.                      CASE NO. 4:17-CV-520-DPM

THOMAS F. ROBINSON, M.D.; TIFFANY
TERRY; ARKANSAS RECOVERY CLINIC;
ARC REHABILITATION CENTER, P.A.;
CSCB REHABILITATION MANAGEMENT
GROUP, LLC; ADDICTION RECOVERY
CARE OF LITTLE ROCK; ARC CLINIC;
AND JILL COGBURN                                                    DEFENDANTS

ARC REHABILITATION CENTER, P.A.;
THOMAS F. ROBINSON, M.D.; CSCB
REHABILITATION MANAGEMENT
GROUP, LLC; AND TIFFANY TERRY                      COUNTER-PLAINTIFFS

CHASE STEPPIG                                                        RESPONDENT

## SEPARATE DEFENDANTS THOMAS F. ROBINSON, M.D. AND ARC REHABILITATION CENTER, P.A.'S AMENDED AND SUBSTITUTED RESPONSE TO PLAINTIFFS' "STATEMENT OF UNDISPUTED FACTS"

Come Separate Defendants Thomas F. Robinson, M.D. and ARC Rehabilitation Center,

P.A. ("Defendants"), by and through their attorneys, Bryce Brewer with Bryce Brewer Law Firm,

and Matthew R. House with James, House, Downing & Lueken, P.A., and for their above-entitled

pleading state:1

---

1 This Amended and Substituted version of Defendants' Response to Plaintiffs' "Statement of Undisputed Facts" is being submitted to comply with page 4 of the Court's Amended First Scheduling Order dated April 30, 2018. Specifically, undersigned counsel, Matthew House, entered an appearance in the Fall of 2018, but apparently overlooked the Order's requirement specifying how Responses to Statements of Facts are to be prepared in this Court. Counsel apologizes to the Court and other counsel  for the oversight, and by this pleading has endeavored to correct the error.

1

1.      CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. are all businesses in good standing with the Arkansas Secretary of State.  Verified Complaint (Dckt. No. 1), at ¶¶ 1-2; Ex. 19 to Pls.' Mtns. Summ. Judg.

**RESPONSE**:  Unknown and therefore disputed.

2.      CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton MedicalGroup, Ltd. all treat individuals who are addicted to opioids.  Prelim. Inj. Transc. (August 31; M. Casillas Direct), Ex. 9 to Pls.' Mtns. Summ. Judg. At 25:2-6.

**RESPONSE**:  Undisputed.

3.      CATAR Clinic of Hot Springs, LLC and C.A.T.A.R., Ltd. provide opioid addiction treatment primarily through methadone prescriptions.  Prelim. Inj. Tranc. (August 31; M. Casillas Direct), Ex. 9 to Pls.' Mtns. Summ. Judg. At 98:5-8.

**RESPONSE**:  Undisputed.

4.      Stockton Medical Group, Ltd. provides opioid addiction treatment primarily through Suboxone prescriptions.  Prelim. Inj. Transc. (August 31; M. Casillas Direct), Ex. 9 to Pls.' Mtns. Summ. Judg. At 98:5-8.

**RESPONSE**:  Undisputed.

5.      Suboxone and Methadone are separate treatment categories of buprenorphine medication but both are manners of treating opioid addiction.  Dr. Casillas Depo., Ex. 3 to Pls.' Mtbs. Summ. Judg., at 38:1-40:2; Dr. Robinson Depo., Ex. 1 to Pls.' Mtns. Summ. Judg., at 63:24-64:23.

**RESPONSE**:  Undisputed.

6.      CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. are all closely held private corporations owned and operated by the Casillas family. Dr. Casillas Depo., Ex. 3 to Pls.' Mtns. Summ. Judg., at 15:25-16:16.

**RESPONSE**: Disputed.

7.      Dr. Miguel Casillas is the CEO of CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. Dr. Casillas Depo., Ex. 3 to Pls.' Mtns. Summ. Judg., at 12:5-16.

**RESPONSE**: Undisputed.

8.      CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. operate in tandem under Dr. Casillas's guidance as "one company." Dr. Casillas Depo., Ex. 3 to Pls.' Mtns. Summ. Judg., at 80:4-12.

**RESPONSE**: Disputed, as legally they are separate and distinct entities.

9.      CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. all maintain patient records behind a firewall that is password-protected. Verified Complaint (Dckt. No. 1), at ¶¶ 100-04.

**RESPONSE**: Unknown and therefore disputed.

10.     CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. store their patient records in a "cloud-based" system that is accessible through the internet for any authorized user that possesses proper login credentials. Verified Complaint (Dckt. No. 1), at ¶¶ 100-04.

**RESPONSE**: Unknown and therefore disputed.

3

11.   CATAR Clinic of Hot Springs, LLC, C.A.T.A.R, Ltd. and Stockton Medical Group, Ltd. all treat patients that travel to Arkansas from other states for treatment.  Verified Complaint (Dckt. No. 1), at ¶¶ 119-120.

**RESPONSE**:  Undisputed.

12.   CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. do not allow the public to view patient identities or records.  Verified Complaint (Dckt. No. 1), at ¶¶ 22, 100-04; Prelim. Inj. Transc. (August 31; M. Casillas Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 36:19-21.

**RESPONSE**:  Unknown and therefore disputed.

13.   CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. have amassed a number of patients through years of operating opioid addiction treatment clinics.  Verified Complaint (Dckt. No. 1), at ¶¶ 15, 162; Prelim. Inj. Transc. (August 31; M. Casillas Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 37:19-24.

**RESPONSE**:  Disputed as argumentative.

14.   CATAR Clinic of Hot Springs, LLC, C.A.T.A.R, Ltd. and Stockton Medical Group, Ltd. derive economic value from their patients, who pay for treatment.  Verified Complaint (Dckt. No. 1), at ¶¶ 164-165.

**RESPONSE**:  Disputed as argumentative.

15.   CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. derive economic value from keeping patient identities and records confidential. Verified Complaint (Dckt. No. 1), at ¶¶ 164-165.

**RESPONSE**:  Disputed.

4

16.     CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. do not allow their employees or independent contractors to access patient information for any reason other than medical treatment or administrative tasks, such as billing or recordkeeping. Prelim. Inj. Transc. (August 31; M. Casillas Direct), at 36:8-13; 46:7-12.

**RESPONSE**:  Unknown and therefore disputed.

17.     From November 18, 2014 until July 27, 2017, Dr. Thomas Robinson was an independent contractor with one of the "CATAR" Plaintiffs named in this suit:  either CATAR Clinic of Hot Springs, LLC or C.A.T.A.R., Ltd. or both.  Robinson Depo. Ex. 1 to Pls.' Mtn. Summ. Judg., at 9:3-12:12.

**RESPONSE**:  Disputed, as Dr. Robinson's contract speaks for itself.

18.     Dr. Robinson's contract is attached to Plaintiffs' various motions for summary judgment as Exhibit 2.

**RESPONSE**:  Undisputed.

19.     In 2017, Dr. Robinson was the medical director of Plaintiffs' Hot Springs clinic. Prelim. Inj. Transc. (August 31; M. Casillas Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 25:23-26:2.

**RESPONSE**:  Undisputed.

20.     From November 18, 2014 until July 27, 2017, Dr. Robinson treated patients for opioid addiction at clinics owned and operated by CATAR Clinic of Hot Springs, LLC, C.A.T.A.R, Ltd. and Stockton Medical Group, Ltd. Prelim. Inj. Transc. (August 31; Robinson Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 123:8-21; 98:1-11.

**RESPONSE**:  Unknown and therefore disputed.

21.     During this period, Dr. Robinson treated patients by prescribing methadone and suboxone. Prelim. Inj. Transc. (August 31; Robinson Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 123:8-21; 98:1-11.

**RESPONSE**: Undisputed.

22.     During this period, Dr. Robinson had access to all patient files for CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. Prelim. Inj. Transc. (August 31; Robinson Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 46:3-12; 348:18.

**RESPONSE**: Disputed.

23.     Dr. Robinson saw patients in Plaintiffs' Hot Springs, North Little Rock, and Fayetteville clinic. Prelim. Inj. Transc. (August 31; Robinson Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 125:15-126:4.

**RESPONSE**: Undisputed.

24.     In March 2017, Plaintiff CATAR Clinic of Hot Springs, LLC closed its methadone clinic in Hot Springs, Arkansas. Prelim. Inj. Transc. (August 31; Robinson Cross), Ex. 9 to Pls.' Mtns. Summ. Judg., at 139:24-141:2.

**RESPONSE**: Undisputed.

25.     CATAR Clinic of Hot Springs, LLC continues to exist as a corporation under the laws of Arkansas. Verified Complaint (Dckt. No. 1), at ¶ 1.

**RESPONSE**: Unknown and therefore disputed.

26.     On May 17, 2017, Dr. Robinson incorporated ARC Rehabilitation Center, P.A. Prelim. Inj. Transc. (August 31; Robinson Cross), Ex. 9 to Pls.' Mtns. Summ. Judg., at 141:17-22.

**RESPONSE**: Undisputed.

27.     ARC Rehabilitation Center, P.A. treats opioid addiction through prescribing Suboxone. Prelim. Inj. Transc. (August 31; Robinson Cross), Ex. 9 to Pls.' Mtns. Summ. Judg., at 169:4-6.

**RESPONSE**: Undisputed.

28.     Since they all provide opioid addiction treatment for money, ARC Rehabilitation Center, P.A. is a direct competitor to CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd.  Dr. Robinson Response to Requests for Admission (Dckt. No. 237, Ex. 2), at Req. No. 8; Robinson Depo., Ex. 1 to Pls.' Mtns. Summ. Judg., at 20:13-22:16; 63:19-64:23.

**RESPONSE**: Disputed.

29.     Dr. Robinson began seeing patients at ARC Rehabilitation Center, P.A. in June 2017. Robinson Depo., Ex. 1 to Pls.' Mtns. Summ. Judg., at 17:8-14.

**RESPONSE**: Undisputed.

30.     Dr. Robinson simultaneously practiced at ARC Rehabilitation Center, P.A. and Stockton Medical Group, Ltd. in June and July 2017. Robinson Depo., Ex. 1 to Pls.' Mtns. Summ. Judg., at 17:8-14.

**RESPONSE**: Disputed.

31.     He would still be simultaneously working at both if he had not been fired by the Plaintiffs. Robinson Depo., Ex. 1 to Pls.' Mtns. Summ. Judg., at 68:14-20.

**RESPONSE**: Disputed.

32.     Dr. Robinson currently sees a number of patients at ARC Rehabilitation Center, P.A. that were previously Plaintiffs' patients.  Prelim. Inj. Transc. (Sept. 1; Terry Cross), Ex. 10 to Pls.' Mtns. Summ. Judg., at 239:13-25.

**RESPONSE**:  Disputed as argumentative.

33.     Shortly after discovering that Dr. Robinson had opened a competing business, Dr. Miguel Casillas terminated Dr. Robinson's contract on July 27, 2017.  Robinson Depo., Ex. 1 to Pls.' Mtns. Summ. Judg., at 81:19-82:6; 83:10-14; 16:16-21.

**RESPONSE**:  Disputed as argumentative.

34.     Dr. Robinson incorporated ARC Rehabilitation Center, P.A. at the request of Chase Steppig and Chris Branch in April or May 2017.  Dr. Robinson Response to Requests for Admission (Dckt. No. 237, Ex. 2), at Req. No. 3-4.

**RESPONSE**:  Disputed.

35.     Chase Steppig and Chris Branch were the sole owners in CSCB Rehabilitation Management Group, LLC, a medical management company.  Prelim. Inj. Transc. (Sept. 1; Steppig Direct), Ex. 10 to Pls.' Mtns. Summ. Judg., at 264:19-25.

**RESPONSE**:  Unknown and therefore disputed.

36.     Dr. Robinson currently operates a clinic at ARC Rehabilitation Center, P.A. and is engaged in a business relationship with CSCB Rehabilitation Management Group, LLC.  Prelim. Inj. Transc. (Sept. 1; Stepping  Direct), ex. 10 to Pls.' Mtns. Summ. Judg., at 267:8-269:18.

**RESPONSE**:  Undisputed.

37.     Dr. Robinson, ARC Rehabilitation Center, P.A. and CSCB Rehabilitation Management Group, LLC maintain a single business address.  Verified Complaint (Dckt. No. 1), at 40.

**RESPONSE**:  Disputed as argumentative.

38.     CSCB Rehabilitation Management Group, LLC provides general management services to Dr. Robinson and ARC Rehabilitation Center, P.A., including staff, marketing, maintaining phone and internet services, and recordkeeping.  Prelim. Inj. Transc. (Sept. 1; Steppig Direct), Ex. 10 to Pls.' Mtns. Summ. Judg., at 267:8-269:18.

**RESPONSE**:  Undisputed.

39.     Tiffany Terry worked as an employee for CATAR Clinic of Hot Springs, LLC and later for Stockton Medical Group, Ltd., starting as a counselor.  Terry Intake Paperwork; Ex. 12 to Pls.' Mtn. Summ. Judg.; Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 7:20-8:3.

**RESPONSE**:  Undisputed.

40.     Her employment began in December 2013 and ended on June 15, 2017.  Terry Intake Paperwork; Ex. 12 to Pls.' Mtn. Summ. Judg.; Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 29:24-30:5.

**RESPONSE**:  Unknown and therefore disputed.

41.     Tiffany Terry did not have an employment contract with CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. or Stockton Medical Group, Ltd.  Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 29:24-30:5.

**RESPONSE**:  Unknown and therefore disputed.

9

42.     Tiffany Terry applied to be a counselor in training from the Arkansas Substance Abuse Certification Board.  Terry Intake Paperwork; Ex. 12 to Pls.' Mtn. Summ. Judg.

**RESPONSE**:  Unknown and therefore disputed.

43.     Tiffany Terry rose to the position of office manager and oversaw two Hot Springs clinics for CATAR Clinic of Hot Springs, LLC and Stockton Medical Group, Ltd.  Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 14:1-20.

**RESPONSE**:  Undisputed.

44.     During the period of her employ, Tiffany Terry had access to all patient files for CATAR Clinic of Hot Springs, LLC, C.A.T.A.R, Ltd. and Stockton Medical Group, Ltd.  Prelim. Inj. Transc. (August 31; Robinson Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 35:24-36:7.

**RESPONSE**:  Unknown and therefore disputed.

45.     In May 2017, Tiffany Terry met with Chase Steppig and Chris Branch to discuss an office manager position at CSCB Rehabilitation Management Group, LLC.  Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 25:11-24.

**RESPONSE**:  Unknown and therefore disputed.

46.     Tiffany Terry handed out a flyer for "ARC," a clinic treating opioid addiction, to Plaintiffs' patients while working in Plaintiffs' clinic in May 2017.  Inj. Transc. (Sept. 1; Terry Cross), Ex. 10 to Pls.' Mtns. Summ. Judg., at 215:18-217:23.

**RESPONSE**:  Unknown and therefore disputed.

47.     Tiffany Terry resigned from Plaintiffs' employ on June 13, 2017.  Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 29:2-30:5.

**RESPONSE**:  Unknown and therefore disputed.

48.    Terry provided a resignation letter to Plaintiffs when she quit.  See Ex. 20 to Pls.'
Mtns. Summ. Judg.

**RESPONSE**:  Unknown and therefore disputed.

49.    Plaintiffs had to spend money to train Tiffany Terry's replacement.  Prelim. Inj.
Transc. (August 31; M. Casillas Direct), Ex. 9 to Pls.' Mtns. Summ. Judg., at 86:11-16.

**RESPONSE**:  Unknown and therefore disputed.

50.    Two days after resigning, Tiffany Terry signed a contract with CSCB
Rehabilitation Management Group, LLC on June 15, 2017 to serve as their office manager.  Prelim.
Inj. Transc. (Sept. 1, 2017; Terry Direct), Ex. 10 to Pls.' Mtns. Summ. Judg., at 178:1-4; Terry
Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 29:2-30:5.

**RESPONSE**:  Unknown and therefore disputed.

51.    Dr. Robinson never asked Plaintiffs for permission to allow CSCB to hire Terry.
Robinson Depo., Ex. 1 to Pls.' Mtns. Summ. Judg., at 65:14-16.

**RESPONSE**:  Disputed as argumentative.

52.    Sometime in June 2017, Terry received approximately fifteen to twenty of
Plaintiffs' patient identities and contact information from Jill Cogburn.  Prelim. Inj. Transc. (Sept.
1, 2017; Terry Cross) Ex. 10 to Mtn., at 233:2-24; Terry Depo., Ex. 7 to Mtn., at 86:3-11.

**RESPONSE**:  Unknown and therefore disputed.

53.    Jill Cogburn previously worked for CATAR Clinic of Hot Springs, LLC, prior to
May 2017 and had access to the patient files of CATAR Clinic of Hot Springs, LLC, C.A.T.A.R.,
Ltd. and Stockton Medical Group, Ltd.  Prelim. Inj. Transc. (Sept. 1, 2017; Terry Cross) Ex. 10 to
Mtn., at 233:2-24.

**RESPONSE**: Unknown and therefore disputed.

54.    Terry called the patients identified to her from Jill Cogburn and solicited them to see Dr. Robinson at his new clinic.  Prelim. Inj. Transcr. (Sept. 1, 2017; Terry Cross) Ex. 10 to Mtn., at 233:2-24; Terry Depo., Ex. 7 to Mtn., at 86:3-11.

**RESPONSE**:  Disputed.

55.    Terry solicited a number of Plaintiffs' patients advertising that Dr. Robinson had opened a new clinic and planned to accept insurance in the near future.  Prelim. Inj. Transcr. (Aug. 31, 2017; Michael Casillas Direct) Ex. 9 to Mtn., at 57:4-11, 62:17-21; Terry Depo., Ex. 7 to Mtn. at 86:3-11.

**RESPONSE**:  Disputed.

56.    Terry has used Plaintiffs' patient names, phone numbers, dosage information, and patient counseling information to conduct this marketing.  Prelim. Inj. Transcr. (Sept. 1, 2017; Terry Cross) Ex. 10 to Mtn., 246:8-248:16; Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 84:6-17; Patient Statements, Ex. 15 to Pls.' Mtns. Summ. Judg.

**RESPONSE**:  Unknown and therefore disputed.

57.    Terry learned about the counseling information used to conduct this marketing through counseling these patients at Plaintiffs' clinics while working for Plaintiffs.  Prelim. Inj. Transcr. (Sept. 1, 2017; Terry Cross) Ex. 10 to Mtn., 246:8-248:16; Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 84:6-17.

**RESPONSE**:  Unknown and therefore disputed.

58.    Terry did not obtain prior authorization from patients to solicit or market to them. Prelim. Inj. Transc. (Sept. 1, 2017; Terry Cross) Ex. 10 to Mtn., 249:11-24.

12

**RESPONSE**: Unknown and therefore disputed.

59.     Terry contacted patients' cellular phones and left at least two text messages advertising Dr. Robinson's new clinic. Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 62:19-63:7.

**RESPONSE**: Unknown and therefore disputed.

60.     Terry also left voicemails on patients' phones advertising Dr. Robinson's new clinic. See Sealed Trans. (August 31; Patient 1), Ex. 14 to Pls.' Mtns. Summ. Judg., at 7:4-10:25.

**RESPONSE**: Unknown and therefore disputed.

61.     CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. were contacted by their own patients who were angry that someone other than had access to their identities and cellular phone numbers. *See generally* Sealed Transc. (August 31, 2017; Patient One), Ex. 14 to Pls.' Mtns. Summ. Judg.; Prelim. Inj. Transc. (Aug. 31, 2017; Michael Casillas Direct) Ex. 9 to Mtn., at 57:4-11, 62:17-21.

**RESPONSE**: Unknown and therefore disputed.

62.     CSCB Rehabilitation Management Group, LLC has a patient referral program that allows a patient who refers someone to see one of their physicians to receive a $25 discount on their next visit. Prelim. Inj. Transc. (Sept. 1, 2017; Terry Direct) Ex. 10 to Mtn., 184:23-185:20.

**RESPONSE**: Undisputed.

63.     CSCB Rehabilitation Management Group, LLC destroyed all referral records prior to September 2, 2017. Prelim. Inj. Transc. (Sept. 1, 2017; Terry Direct) Ex. 10 to Mtn., 185:6-12; 234:6-9; 235:16-23.

**RESPONSE**: Unknown and therefore disputed.

13

64.     CSCB Rehabilitation Management Group, LLC no longer has phone records for call made from their office in 2017.  CSCB Response to Pls.' Mtn. for Disc. Sanctions (Dckt. No. 255).

**RESPONSE**:  Unknown and therefore disputed.

65.     In August 2017, Tiffany Terry created a "trade secrets comparison" chart that compared the business practices of Stockton Medical Group, Ltd. with that of her employer, CSCB Rehabilitation Management Group, LLC, ARC Rehabilitation Center, P.A., and Dr. Robinson. *See* Trade Secrets Comparison Email and Chart, Ex. 18 to Pls.' Mtn. Summ. Judg.

**RESPONSE**:  Unknown and therefore disputed.

66.     Tiffany Terry then sent this comparison chart to her boss at CSCB Rehabilitation Management Group, LLC.  Trade Secrets Comparison Email and Chart, Ex. 18 to Pls. Mtn. Summ. Judg.

**RESPONSE**:  Unknown and therefore disputed.

67.     CSCB Rehabilitation Management Group, LLC would have no manner of knowing the details within that chart without Tiffany Terry's knowledge.  Terry Depo., Ex. 7 to Pls.' Mtns. Summ. Judg., at 80:25-82:10.

**RESPONSE**:  Unknown and therefore disputed.

68.     CATAR Clinic of Hot Springs, LLC, C.A.T.A.R., Ltd. and Stockton Medical Group, Ltd. did not give Tiffany Terry permission to share their business practices with a direct competitor.

**RESPONSE**:  Unknown and therefore disputed.

14

Respectfully submitted,

/s/ Bryce Brewer
Bryce Brewer, ABN 2002013
Bryce Brewer Law Firm
2120 East Kiehl Avenue
Sherwood, AR 72120
501-978-3030 – Phone
501-978-3050 – Facsimile
bryce@brycebrewerlaw.com


Matthew R. House, ABN 99150
James, House, Downing & Lueken, P.A.
801 West Third Street
P. O. Box 3585
Little Rock, AR 72203
501-372-6555 – Telephone
501-372-6333 – Facsimile
mhouse@jamesandhouse.com

ATTORNEYS FOR THOMAS F. ROBINSON,
M.D. AND ARC REHABILITATION CENTER,
P.A.

## **CERTIFICATE OF SERVICE**

I, Matthew R. House, do hereby certify that a copy of the foregoing was delivered to the following, via CM/ECF, unless otherwise indicated, this 5th day of February, 2019:

James D. Rankin, III
Perkins Peiserich Greathouse Morgan Rankin
P. O. Box 251618
Little Rock, AR 72225-1618

Julie DeWoody Greathouse
Perkins Peiserich Greathouse Morgan Rankin
P. O. Box 251618
Little Rock, AR 72225-1618
julie@ppgmrlaw.com

Micah Goodwin
Perkins Peiserich Greathouse Morgan Rankin
P. O. Box 251618
Little Rock, AR 72225-1618
micah@ppgmrlaw.com

Luther Oneal Sutter
Sutter & Gillham, PLLC
P. O. Box 2012
Benton, AR 72018
Luthersutter.law@gmail.com

John Buzbee
Nixon & Light
10201 West Markham Street
Suite 108
Little Rock, AR 72205
john@nixonandlight.com

Chase Steppig
440 Louisiana Street, Suite 900
Houston, TX 77002
chase.steppig@yahoo.com

_____
Matthew R. House

16